**KOLLER LAW LLC**
David M. Koller, Esq. (PA 90119)
Jordan D. Santo, Esq. (PA 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAIGE THORNTON,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **GIS BENEFITS, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Paige Thornton (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against GIS Benefits, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"), the Equal Pay Act ("EPA"), the Pennsylvania Wage Payment Collection Law ("WPCL") and Breach of Contract. In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, Defendant GIS Benefits, Inc. is a benefits technology and enrollment-solutions firm with a location and corporate headquarters located at 422

Wauponsee Street, Morris, IL 60450.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant was an employer as defined by the relevant statutes cited herein.

**JURISDICTION AND VENUE**

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state and local law claims set

forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is conducted business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted any required administrative remedies under Title VII, the PHRA, the PFPO and the EPA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on January 28, 2026, alleging sex discrimination, wage discrimination and retaliation against Defendant.

15. The Charge was assigned a Charge Number 524-2026-01117 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated August 6, 2026.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff is female.

22. In or around January 2024, Defendant hired Plaintiff in the position of Regional Sales Representative.

23. Plaintiff worked remotely in Philadelphia, PA.

## DEFENDANT SUBJECTED PLAINTIFF TO DISPARATE TREATMENT BASED ON HER SEX

24. Plaintiff was the only female on her sales team.

25. From the start of her employment, Plaintiff was subjected to disparate treatment compared to her male coworkers, denied equal pay, and forced to work in a toxic workplace culture that demeaned and marginalized female employees.

26. Despite consistently performing as well or better than her male colleagues, Plaintiff was repeatedly reprimanded for conduct for which her male coworkers were praised.

27. For example, after giving a sales presentation that coworkers told her exceeded the quality of a male colleague's, Plaintiff was criticized by management while the male coworker was openly praised by Michael McCormack, President.

## MCCORMACK FORCED PLAINTIFF TO ATTEND A PHILLIES GAME WITH A PROSPECTIVE CLIENT AFTER SHE COMPLAINED THAT THE CLIENT MADE HER UNCOMFORTABLE

28. McCormack further made negative and inappropriate comments about Plaintiff's appearance.

29. On one occasion, when she told McCormack she did not want to attend a Phillies game with a prospective client who made her uncomfortable, McCormack told her that her discomfort was "more of a reason" for her to attend, thereby disregarding her concerns and subjecting her to humiliation.

**MCCORMACK REPRIMANDED PLAINTIFF FOR INCONSEQUENTIAL ISSUES**

30. Plaintiff was reprimanded for trivial matters by McCormack such as wearing her hair in a ponytail or not attending after-hours happy hour events with the team, standards that were not imposed on her male coworkers.

**DEFENDANT EXCLUDED PLAINTIFF FROM TEAM EVENTS**

31. At an off-site three (3) day sales meeting in or around April 2024, Plaintiff discovered that she was expected to share a house and bathroom with five (5) male coworkers.

32. When she expressed her discomfort, Plaintiff was told that she would not be staying and that was the reason for the accommodations, excluding her from the happy hour and dinner that night and the next two (2) days of the sales meeting, thereby being denied equal participation in team events.

**DEFENDANT DID NOT PAY PLAINTIFF HER EARNED COMMISSIONS FOR OVER A YEAR AND PAID HER MALE COWORKER NEARLY DOUBLE PLAINTIFF'S SALARY**

33. Plaintiff had also been subjected to blatant pay discrimination.

34. She was not paid out on her earned commissions for over a year, while male coworkers, including, but not limited to, Kyle Allen, Justin Kelleher and Rob Zabel were consistently paid their earned commissions.

35. Additionally, Jake Snyder (male), hired after Plaintiff, in the same position, was paid substantially more than Plaintiff, despite not having to perform the special project and presentations that Plaintiff was required to.

36. Defendant consistently assigned Plaintiff these special assignments and did not assign special assignments to Plaintiff's male coworkers.

37. This unequal pay constituted a clear violation of the Equal Pay Act ("EPA").

**MCCORMACK HUMILIATED PLAINTIFF DURING A TEAM OFF-SITE EVENT**

38. In early July 2025, during a team off-site event where alcohol was served, McCormack singled out Plaintiff for public humiliation.

39. McCormack projected her face on a screen and presented her with an award titled "Most Likely to Sexually Attract an Older Male."

40. Meanwhile, Plaintiff's nine (9) colleagues received awards recognizing legitimate performance achievements.

41. Plaintiff was subjected to sexist ridicule while male employees were celebrated for their work.

**PLAINTIFF COMPLAINED TO THE DIRECTOR OF HUMAN RESOURCES REGARDING THE SEX DISCRIMINATION AND PAY INEQUALITY SHE WAS SUBJECTED TO**

42. Plaintiff then complained to Kara Valentine, Director of Human Resources, regarding the discriminatory treatment, harassment, and pay inequities.

43. In response, Defendant removed McCormack from managing Plaintiff's local team by promoting him to a corporate role.

44. In addition, Defendant's investigation found that multiple other female employees were uncomfortable by McCormack's conduct.

45. Defendant issued Plaintiff one of her earned bonuses that McCormack had refused to pay her.

46. However, Plaintiff still has commissions that she was not been paid for and her disparate pay compared to male employees was not remedied.

**DEFENDANT OFFERED PLAINTIFF A NEW POSITION WHICH WOULD REDUCE HER SALARY BY HALF**

47. On January 16, 2026, Amber Clemens, Human Resources Specialist, emailed a new job description of a Regional Sales Manager position to Plaintiff.

48. Clemens informed Plaintiff that she had to sign and return the job description by the scheduled start date of February 1, 2026.

49. By accepting the new job description, Plaintiff would have had her salary reduced by 50% with the other 50% being a draw.

50. Importantly, in the event of a draw, Plaintiff would accrue a deficit in which she would be forced to pay back.

**PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED**

51. Plaintiff reasonably believed this to be in retaliation for her complaints of sex and wage discrimination as well as retaliation.

52. On January 28, 2026, Plaintiff submitted her resignation letter to Joshua Shumberger, President, GIS Benefits Northeast, and Clemens to be effective January 30, 2026.

53. Plaintiff cited in her resignation letter that she believed the offer for the Regional Sales Manager position was retaliatory.

54. Plaintiff was constructively discharged.

55. Defendant discriminated against Plaintiff due to her sex, subjected her to disparate pay and retaliated against her for reporting the aforementioned discrimination in violation of Title VII, the PHRA, the PFPO and the EPA.

56. In addition, Defendant did not compensate Plaintiff for all wages earned through commission in violation of the WPCL and breached Plaintiff's employment contract in doing so.

57. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is female.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of sex.

65. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

67. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal

statutorily-protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – SEX DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
69. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her sex.
70. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – SEX DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
72. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her sex.
73. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
75. Plaintiff engaged in protected activity protected by Title VII when she complained about

sex discrimination.

76. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

77. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

78. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal statutorily-protected rights.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff engaged in activity protected by the PHRA when she complained about sex discrimination.

81. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

82. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff engaged in activity protected by the PFPO when she complained about sex

discrimination.

85. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

86. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – DISPARATE PAY
## EQUAL PAY ACT

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. Plaintiff The Equal Pay Act of 1963, prohibits employers from discriminating between employees on the basis of sex by paying wages to employees at a rate less than the rate at which it pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

89. At all relevant times, Defendant was an "employer" under the Equal Pay Act.

90. At all relevant times, Plaintiff was an "employee" under the Equal Pay Act.

91. Plaintiff, a female, was employed by Defendant and performed work requiring equal skill, effort, and responsibility as that performed by her male comparators employed by Defendant in the same or substantially similar position(s).

92. Plaintiff and her male comparators performed their respective work under similar working conditions and employment circumstances.

93. Despite performing substantially equal work under similar working conditions, Defendant compensated Plaintiff at a rate materially lower than the rate paid to her male

comparators.

94. The differential in compensation paid to Plaintiff as compared to her male comparators is not attributable to any seniority system, merit system, system which measures earnings by quantity or quality of production, or any factor other than sex.

95. Defendant knew or showed reckless disregard for the fact that its compensation practices violated the Equal Pay Act.

96. As a result of Defendant's willful violations of the Equal Pay Act, Plaintiff has suffered economic damages lost wages and other compensation.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VIII – FAILURE TO PAY WAGES**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. Plaintiff was hired as an employee by Defendant.

99. Plaintiff was paid a base salary, plus commission for her compensation with Defendant.

100. Defendant refused to pay Plaintiff the commissions that she earned.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IX – BREACH OF CONTRACT**

101. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

102. Plaintiff and Defendant entered into a contract in the form of an employment agreement that provided that a portion of Plaintiff's salary would be paid in commission.

103. Defendant owed a duty to Plaintiff to compensate her for work performed in the form of these commissions.

104. Defendant breached the contract when it failed to compensate Plaintiff in the form of commissions as expressed herein.

105. As a result of Defendant's breach, Plaintiff suffered harm.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Paige Thornton, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Damages in the form of unpaid compensation for the unpaid commissions in this matter;

(c) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(d) Punitive damages;

(e) Liquidated damages;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences of a lump sum award in a single year;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 4, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*